## BOWLES, Price Administrator, v. LORCH MFG. CO.

### Civil Action No. 1692.

District Court, N. D. Texas, Dallas Division.

Oct. 11, 1945.

W. R. Herring, of Dallas, Tex., for plaintiff.

Emil Corenbleth and George S. Wright, both of Dallas, Tex., for defendant.

ATWELL, District Judge.

The plaintiff seeks injunctive relief and a large amount of damages against the defendant for alleged violations of price regulations for women's outer wear; such regulations being No. 287, and said to be made under the authority of the Act of Congress giving that authority.

The complaint seemed to justify the granting of a motion filed by the defendant for a bill of particulars. That bill was filed by the plaintiff within the time fixed, and particularized as to the alleged violation and named the time from September 4, 1944, to January 15, 1945.

But a few days before the case was called for trial the plaintiff sought permission to amend his bill of particulars and extended the time in such amendment to June 26, 1945.

Both parties announced ready with an objection pending by the defendant to the consideration of the amended bill of particulars, because it was a physical impossibility to furnish the data demanded by the plaintiff in its amended bill of particulars and prepare for trial.

One of the immediate issues out of which the difference between the plaintiff and the defendant's accounting methods arose, centers around an addition to the cost of garments by the defendant for loss and wastage. The testimony discloses that there were such items. For a great many years prior to the price-fixing legislation and regulation, this particular manufacturer had verified a system whereby a charge of 1½¢ to the cost from 30¢ to 40¢, and 2½¢ to the cost between 40¢ and 50¢ and 5¢ a yard for over 50¢, was to within one-tenth of one per cent correct.

Another issue was the right to add to the cost the contractor's direct labor on the garment; and the matter of trimming the garment; and the method of computing the direct labor cost per week.

The law contemplates the use of actual cost. The regulations assist in that direction by suggesting items that may be appropriately aggregated into such cost and also what may not be included. Aside from the regulations, the law, itself, speaks with reference to the lack of power, by the Administrator, to unsettle a well balanced and long-used method of bookkeeping and accounting.

Considering the testimony as developed in all of its intricate details, it appears that the plaintiff's expert, in the matter of labor cost, decided to follow an average, upon a basis fixed by herself, rather than to get her data from the records of the defend-

ant showing actual payments for that particular service which went ultimately into the cost of the garment.

Upon the question of loss and wastage, the same expert sought to figure from markers and from samples and other data without consultation of inventory records, or, incoming, or, outgoing invoices.

 Deducting from the amount claimed by the government, which includes alleged violations from January 15, 1945, to June 26, 1945, and deducting what the court believes to be erroneous calculations in the items above mentioned, there is still a balance of $191.19 which appears to have been an overcharge. This amount I find to have been knowingly overcharged, and, therefore, authorizes a trebling of that amount, which aggregates $573.57.

The defendant's testimony has been straight-forward, highly satisfactory in its logic and exposure in even the remotest details of its affairs and is sufficiently revealing to demand at the hands of the chancellor, a restraint from repeating any overcharges. The period from January 15, 1945 to June 26, 1945, should remain unruled by the case because of the facts heretofore detailed, and it is, therefore, dismissed by the court without prejudice.